UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>SABIL MUMIN MUJAHID,<br><br>                    Defendant. | 3:10-CR-00091-JWS-DMS<br><br>**FINAL REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS COUNTS 9-12 AND REQUEST FOR BILL OF PARTICULARS [Docket 14]** |

## I. MOTIONS PRESENTED

Defendant Mujahid is charged in a twelve-count indictment (Docket 2). The indictment charges him with four counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1), four counts of sexual abuse in violation of 18 U.S.C. § 2242(1), two counts of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1), and two different counts of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2). The indictment alleges that these incidents occurred at the Anchorage Correctional Complex, that they involved three different victims—identified in the indictment as John Doe 1, John Doe 2, and John Doe 3—and that they occurred on three different dates—May 26, 2010, April 15, 2010, and May 3-6 of 2009.

In this motion Defendant Mujahid challenges the indictment as it relates to Counts 9-12, which are the four counts that involve John Doe 3 on April 15, 2010. Mujahid argues that the Counts 9-12 fail to comply with the essential requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure and thus should be dismissed. In the alternative, he argues that Counts 9-

1

12 are vague and indefinite and thus he is entitled to a bill of particulars related to these four counts.

The Government opposes the motion. It argues that Counts 9-12 are sufficient because they carefully track the essential elements of the offenses and also provide additional details as to dates and location. The Government also argues that a bill of particulars is not needed because there are no known double jeopardy dangers in this case and enough information has been provided to give Defendant Mujahid and his counsel adequate notice for trial preparation and to minimize surprise. The Government asserts that the request for a bill of particulars is actually a request for evidence.

## II. COUNTS 9-12 OF THE INDICTMENT

The relevant counts of the Indictment state the following:

Count 9 – Aggravated Sexual Abuse

> On or about April 15, 2010, within the District of Alaska, the defendant, Sabil Mujahid, while incarcerated as a federal prisoner at the Anchorage Correctional Complex, a facility in which persons are held in custody pursuant to a contract with the United States Marshals Service, a federal agency, did knowingly cause John Doe 3 to engage in a sexual act, i.e., contact between the penis and the anus, by using force against John Doe 3. All of which is in violation of Title 18 U.S.C. § 2241(a)(1)

Count 10 – Sexual Abuse

> On or about April 15, 2010, within the District of Alaska, the defendant, Sabil Mujahid, while incarcerated as a federal prisoner at the Anchorage Correctional Complex, a facility in which persons are held in custody pursuant to a contract with the United States Marshals Service, a federal agency, did knowingly cause John Doe 3 to engage in a sexual act, i.e., contact between the penis and the anus, by placing John Doe 3 in fear. All of which is in violation of Title 18 U.S.C. § 2242(1)

Count 11 – Abusive Sexual Contact

> On or about April 15, 2010, within the District of Alaska, the defendant, Sabil

2

Mujahid, while incarcerated as a federal prisoner at the Anchorage Correctional Complex, a facility in which persons are held in custody pursuant to a contract with the United States Marshals Service, a federal agency, did knowingly cause John Doe 3 to engage in sexual contact, i.e., the intentional touching of the buttocks with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, by using force against John Doe 3. All of which is in violation of Title 18 U.S.C. § 2244(a)(1).

Count 12 – Abusive Sexual Contact

On or about April 15, 2010, within the District of Alaska, the defendant, Sabil Mujahid, while incarcerated as a federal prisoner at the Anchorage Correctional Complex, a facility in which persons are held in custody pursuant to a contract with the United States Marshals Service, a federal agency, did knowingly cause John Doe 3 to engage in sexual contact, i.e., the intentional touching of the buttocks with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, by placing John Doe 3 in fear. All of which is in violation of Title 18 U.S.C. § 2244(a)(2).

## III. APPLICABLE STATUTES

The applicable statutes state the following:

18 U.S.C. § 2241(a)(1)– Aggravated Sexual Abuse

(a) Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act--(1) by using force against that other person; . . . or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2242(1)– Sexual Abuse

Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly– (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping); . . . or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

18 U.S.C. § 2246(2)– Sexual Act Definition

>(2) the term "sexual act" means-- (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight; (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2244(a)(1)– Abusive Sexual Contact (by using force)

>(a) Sexual conduct in circumstances where sexual acts are punished by this chapter.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in or causes sexual contact with or by another person, if so to do would violate--(1) subsection (a) or (b) of section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both.

18 U.S.C. § 2244(a)(2)– Abusive Sexual Contact (by using fear)

>(a) Sexual conduct in circumstances where sexual acts are punished by this chapter.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in or causes sexual contact with or by another person, if so to do would violate– . . . (2) section 2242 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than three years, or both.

18 U.S.C. § 2246(3)– Sexual Contact Definition

>(3) the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

# IV. DISCUSSION

## A. Indictment

Mujahid asks that Counts 9-12 in the indictment be dismissed because they are insufficiently charged. When reviewing the validity of an indictment, this Court is limited by the four corners of the indictment. United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). Under Rule 7(c) of the Federal Rules of Criminal Procedure, the indictment needs to be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). An indictment is sufficient if it clearly advises the defendant of the charges against him by setting forth all the requisite elements of the offense without ambiguity. United States v. Rosi, 27 F.3d 409, 414 (9th Cir. 1994) (citing Hamling v. United States, 418 U.S. 87 (1974)).

In this case, the Court has compared each count at issue with the statute alleged to have been violated. Each count clearly tracks the relevant statute, and each statute sets forth the requisite elements of the crimes alleged. Those requisite elements, based on the Ninth Circuit Jury Instructions, are (1) that the defendant knowingly used force to cause the victim to engage in a sexual act (or sexual contact) or, for non-aggravated sexual abuse, knowingly caused the victim to engage in a sexual act (or sexual contact) by placing the victim in fear and (2) the offense was committed in a place of federal jurisdiction, which in this case is the Anchorage Correctional Complex—a facility in which persons are held in custody pursuant to a contract with the United States Marshals Service. See Ninth Circuit Model Jury Instructions (Criminal) §§ 8.1333, 8.139, 8.148 (2003). In the Ninth Circuit, using the "bare bones" language of the statute itself in the indictment is permissible as long as the elements of the crime are clearly stated. United States v.

Woodruff, 50 F.3d 673, 676 (9th Cir. 1995). See also United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir. 1981) (stating that an indictment need only allege the essential element of the offenses within the language of the statute). Because the counts track the applicable statutes and those statutes set forth the essential elements, Counts 9-12 are satisfactory.

In addition, as the Government argues, the Counts provide more detail than just the essential elements of the alleged crime. They inform the defendant of the specific type of sexual act or sexual contact he is alleged to have performed. Also, the counts set forth the date on which these crimes are alleged to have occurred. Defendant Mujahid argues that more information about the alleged incidents should be provided to him, such as where precisely the alleged conduct took place or how the contact occurred. But that argument is unsupported. Indeed, the established legal standards set forth above do not require such specificity in an indictment.

As the Government points out, Mujahid's failure to challenge the same language in Counts 1-8 demonstrates that his request for dismissal of Counts 9-12 is not well taken. As stated above, when looking at the sufficiency of an indictment, the Court is limited to the four corners of the indictment. Counts 1-8 are almost identical to Counts 9-12 but involve different victims and dates. Thus, Mujahid's decision not to challenge Counts 1-8 on their face cuts against his argument that Counts 9-12 are insufficient on their face.

Counts 9-12 set forth the essential elements of the crime; they inform the defendant that the crimes occurred on April 15, 2010 at the Anchorage Correctional Complex; they explain to him what type of abuse and contact is alleged to have occurred; and they inform him that the same victim, John Doe 3, is the alleged victim in all four counts. This is more than enough to

6

meet the requirement in Rule 7(c)(1) that the charges put forth a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Thus, this Court concludes that Counts 9-12 should not be dismissed.

**B. Bill of Particulars**

In the alternative, Mujahid argues that Counts 9-12 are vague and fail to give specifics regarding the exact circumstances surrounding the allegations in the indictment. He requests that, if not dismissed, the counts be remedied through a bill of particulars. The determination of whether to grant a motion for a bill of particulars is committed to the discretion of the trial court. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979).

A bill of particulars "is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978)).

As noted by the Government in its response memorandum, Mujahid has not argued that he has previously been charged with a violation of these statutes and thus needs a bill of particulars to adequately raise a double jeopardy argument in relation to the current charges. Furthermore, the threat of double jeopardy in any future case has been substantially reduced by statutes and case law that give defendants recourse to the entire trial record should they ever have to plead double jeopardy in the future. See Russell v. United States, 369 U.S. 749, 764 (1962); United States v. Haldeman, 559 F.2d 31, 126 (D.C. Cir. 1976). Thus, double jeopardy issues are not present in this case and cannot provide a basis for granting a bill of particulars.

The remaining bases for granting a bill of particulars are to minimize danger of surprise at

7

trial and to aid in preparation for trial.  To the extent the indictment itself or other information disclosed by the Government adequately advises a defendant of the charges, a bill of particulars is not required.  Long, 706 F.2d at 1054 (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)).  In this case, the Government has disclosed the identity of John Doe 3 to Mujahid.  (Doc. 15, p. 5, fn 2).  Thus, any questions about who was involved have been answered through discovery.  Also, based on the declaration of Government counsel filed at Docket 29, the Government has provided Mujahid's counsel with discovery that discloses the "bed history" of inmates at the Anchorage Correctional Complex, which would then inform Mujahid about where he and John Doe 3 were residing before, during, and after the alleged incidents.

Mujahid also argues that he does not have enough information about what type of sexual abuse and sexual contact is alleged to have taken place on April 15, 2010.  This Court disagrees.  Counts 9 and 10 state what type of sexual act is alleged to have occurred—contact between the penis and anus.  Count 9 alleges that the sexual act occurred through the use of force and thus was aggravated sexual abuse under § 2241(a)(1).  Count 10 alleges that the sexual act occurred because Mujahid placed the victim in fear and thus was sexual abuse under § 2242(1).  The Government indicated at the arraignment and in counsel's declaration that Counts 9 and 10 are alternative charges, alleging two different theories related to how the sexual abuse occurred (through force and through fear), and that if convicted on both the Government would only proceed to sentencing on one of the two alternative charges.

The same is true of Counts 11 and 12: both counts state what type of sexual contact is alleged to have occurred—intentional touching of the buttocks.  Count 11 alleges that the sexual contact occurred through the use of force and thus was a violation of § 2244(a)(1).  Count 12

8

alleges that the sexual contact occurred through the use of fear and thus was a violation of 2244(a)(2). Again, based on the Government's representation at the arraignment and on Government counsel's declaration, Counts 11 and 12 are alternative charges and if convicted on both the Government would only proceed to sentencing on one of the two alternative charges.

Based on this information, Mujahid has enough detail to evaluate the charges and prepare for trial. There is no other legitimate basis for granting Mujahid a bill of particulars. This Court cannot grant a bill of particulars as a means of providing the defendant with more evidence. A defendant is not entitled to use a bill of particulars to know information about the evidence the government intends to produce, only the theory of the case. Giese, 597 F.2d at 1181 (citing Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963)). In other words, the defendant is entitled to "'know the offense with which he is charged, not to know the details of how it will be proved.'" United States v. W.R. Grace, 401 F.Supp.2d 1103, 1107 (D. Mont. 2005) (citing United States v. Kendall, 665 F.2d 126, 135 (9th Cir. 1981)).

## V. RESPONSE TO OBJECTIONS

This Court filed its Initial Report and Recommendation at Docket 56. Mujahid filed his objections to the recommendation at Docket 67. In his objection, Mujahid contests this Court's conclusion that he is not entitled to a bill of particulars for Counts 9-12 of the indictment. He argues in his objection that the nature of the sexual acts alleged in the four counts at issue is unclear and can only be remedied with a bill of particulars. He also argues that the four counts fail to provide him with sufficient information regarding the exact location of the alleged assaults and therefore a bill of particulars detailing the location of the alleged conduct is required. The Government also filed an objection in order to point out an error in one of the dates listed in the

9

first paragraph of the initial recommendation. The Court has corrected the date in the first paragraph but otherwise declines to alter its recommendation to the District Court.

After careful consideration of Mujahid's objections, this Court concludes that the indictment, along with other information provided by the Government, provides the minimal notice required by the Federal Rules of Criminal Procedure and case law. Certainly, having more information about the case would expedite Mujahid's investigation and preparation for trial, but given the standards for a bill of particulars described in the analysis above, this Court maintains its recommendation that Mujahid is not entitled to a bill of particulars. Mujahid has not cited any case that demonstrates he is entitled to receive a precise anatomical description of the alleged conduct or to know the exact location where the alleged crime took place within the Anchorage Correctional Center. A bill of particulars is intended to provide the defendant with the minimum information needed to allow him to conduct his own investigation and defense. See United States v. Smith, 776 F.2d 1104, 1111 (3rd Cir. 1985); United States v. Mahon, No. CR- 9-712, 2010 WL 2720853 (July 9, 2010). The Court notes however, that the Government's reluctance to inform the defense voluntarily of the exact location of the alleged assault increases the time and effort needed to investigate, especially when potential witnesses to the alleged assault may be either government employees or prisoners in government custody.

## VI. CONCLUSION

Based on the foregoing analysis, the Court respectfully recommends that Defendant Mujahid's Motion to Dismiss Counts 9 through 12, or in the Alternative, Request for a Bill of Particulars as to Counts 9 through 12 be DENIED.

DATED this 17th day of December, 2010, at Anchorage, Alaska.

/s/ Deborah M. Smith
DEBORAH M. SMITH
United States Magistrate Judge

11