# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>SABIL MUMIN MUJAHID,<br><br>                  Defendant. | 3:10-CR-00091-JWS-DMS<br><br>**INITIAL REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SEVER COUNTS FOR IMPROPER AND PREJUDICIAL JOINDER**<br>**[Doc. 33]** |

## I. MOTIONS PRESENTED

Defendant Sabil Mujahid is charged in a twelve-count Indictment (Docket 2). Counts 1-4 are related to the alleged sexual assault of John Doe 1 on May 26, 2010 in the Anchorage Correctional Complex. Counts 5-8 are related to the alleged sexual assault of John Doe 2 on May 3 - May 6, 2009 in the Anchorage Correctional Complex. Counts 9-12 are related to the alleged sexual assault of John Doe 3 on April 15, 2010 in the Anchorage Correctional Complex.

Specifically, the Indictment charges Mujahid with four counts (Counts 1, 3, 5, 9) of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) for causing each of the victims to engage in a **sexual act by using force.** Alternatively, the Indictment alleges four counts (2, 4, 6, 10) of sexual abuse in violation of 18 U.S.C. § 2242(1) for causing each of the three victims to engage in a **sexual act by using threats.** The Indictment charges two counts (Counts 7, 11) of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1), for causing both John Doe 2 and John Doe 3 to engage in **sexual contact by using force** and, alternatively, the Indictment charges two counts (Counts 8, 12) of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2), for

causing those two victims to engage in **sexual contact by using threats.**

In this motion, Defendant Mujahid argues that Counts 5-8,[1] involving John Doe 2, have been improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure with the remaining counts. He asserts that the counts involving John Doe 2 do not involve the same transaction, are not of the same or similar character, and are not parts of a common scheme or plan as required by Rule 8(a). He also argues that severance of Counts 5-8 is proper under Rule 14 of the Federal Rules of Criminal Procedure because the joinder of these four counts with the remaining counts is prejudicial.

The Government opposes the motion. It argues that Counts 5-8 are properly joined under Rule 8(a) because they are of the same or similar character as the other counts. It asserts that these charges can be considered similar in character because 1) the statutory elements of the counts are very similar and require almost the same proof; 2) the alleged sexual assaults occurred about a year apart, which it argues is relatively close in time for sexual assault charges; 3) there is a strong likelihood of evidentiary overlap for all the charges; 4) the physical location of the alleged assaults is the same; and 5) the victims, while not the same, were all inmates at the Anchorage Correctional Complex. The Government also argues that severance is not warranted under Rule 14(a) because Mujahid has not demonstrated how the joinder is prejudicial other than by making general allegations.

---

[1] Mujahid's motion and supporting memorandum refer to Counts 5-7 but based on his argument that any count involving John Doe 2 should be severed, this Court assumes that Mujahid's intent is to request severance of all the counts involving John Doe 2, which would be Counts 5-8.

## II. DISCUSSION

### A. Joinder under Rule 8(a)

Rule 8(a) of the Federal Rules of Criminal Procedure provides for the joinder of separate offenses. It states as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – [1] are of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990). Rule 8(a) is broadly construed in favor of initial joinder mainly because Rule 14 is available for any prejudice that may develop while the trial is in progress. See United States v. Jawara, 474 F.3d 565, 573 (9th Cir. 2007) (quoting United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971).

In this case, the Government argues that the counts involving John Doe 2 are properly joined with the remaining counts because all counts are of the same or similar character. In the Ninth Circuit, the test for whether charges are of the same or similar character is more stringent than in other circuits. As explained in Jawara, the Ninth Circuit rejected the concept that charges fit under 8(a)'s "same or similar character" prong if they are categorically the same. In Jawara, the court concluded that just because the charges at issue in that case all dealt with immigration fraud, they were still not of the same or similar character for purposes of Rule 8(a).

Instead of the categorical approach, the Ninth Circuit looks at a variety of factors, including the following: 1) whether the elements of each statutory offense are similar; 2) whether

3

the charges involve a similar victim; 3) the location of the alleged crimes; 4) the modes of operation for each charged crime; 5) the temporal proximity of the acts; and 6) the extent of evidentiary overlap. Jawara, 474 F.3d at 578. "The weight given to a particular factor will depend on the specific context of the case and the allegations in the Indictment. But the bottom line is that the similar character of the joined offenses should be ascertainable–either readily apparent or reasonably inferred–from the face of the Indictment." Id.

**Elements**

This Court concludes that the elements of each statute in Counts 5-8 are similar to the elements of each statute in Counts 1-4 and Counts 9-12. First, the underlying statute in each of the counts Mujahid wants severed—Counts 5, 6, 7, and 8—is also the underlying statute in at least one of the remaining counts. In addition to Count 5, Counts 1, 3, and 9 allege a violation of § 2241(a)(1). In addition to Count 6, Counts 2, 4, and 10 allege a violation of § 2242(1). In addition to Count 7, Count 11 alleges a violation of § 2244(a)(1). And in addition to Count 8, Count 12 alleges a violation of § 2244(a)(2). Second, all of the statutes involved require similar elements of proof based on the Ninth Circuit Jury instructions. See Ninth Circuit Model Jury Instructions (Criminal) §§ 8.1333, 8.139, 8.148 (2003). Each charge against Mujahid requires the Government to prove that the conduct occurred at the Anchorage Correctional Complex and that the complex houses prisoners pursuant to a contract with a federal agency. Each charge requires proof that Mujahid used force, or threats, or placed the victims in fear to cause them to engage in sexual conduct. Each charge requires proof of either a sexual act or sexual contact. Each charge requires proof that Mujahid acted knowingly.

**Evidence**

Similarly, because the elements of all the counts are similar, the likelihood of evidentiary overlap is high. The same witnesses are likely needed to prove where the alleged assaults took place and whether this location is a place where prisoners are housed pursuant to a contract with a federal agency.

**Victims**

The charges involve three different victims. However, the Indictment implies that these victims were inmates or persons inside the Anchorage Correctional Complex. Thus, the Court finds that while the twelve counts involve three different victims, those victims' status as prisoners is similar.

**Modes of Operation**

As noted above, this Court's review is limited to the face of the Indictment when determining whether the initial joinder of the counts was proper under Rule 8. Nothing in the Indictment addresses specific details surrounding the allegations. Thus, this Court cannot determine whether Mujahid is alleged to have carried out the assaults and contacts in a similar manner.

**Location**

Based on the face of the Indictment, the location for each of the alleged crimes is the same—the Anchorage Correctional Complex. Mujahid argues that the alleged assaults of John Doe 2 charged in Counts 5-8 happened in a different module than the alleged assaults of John Doe 1 and John Doe 3. This information came from discovery because this difference in location within the jail complex is not noted in the Indictment. As stated above, this Court must look to

5

the face of the Indictment when making a Rule 8 determination. Based on the Indictment, the assaults took place in the same location. This Court cannot conclude that a difference in module location within the complex is significant to the severance analysis.

**Timing**

Counts 5-8 charge Mujahid with crimes involving John Doe 2 that are alleged to have occurred on May 3, 2009 through May 6, 2009. The remaining counts charge Mujahid with crimes that are alleged to have occurred approximately one year later. Mujahid argues that this time difference is significant and supports a finding that Counts 5-8 are improperly joined in the Indictment. The Government contests that a one-year time span is not significant to the Rule 8 analysis in this case. The Government cites an Eighth Circuit case, United States v. Tyndall, 263 F.3d 848 (8th Cir. 2001). In that case, the Eighth Circuit concluded that joinder of multiple attempted sexual assault offenses was proper even though the attempted sexual assaults occurred a year apart. Id. at 850.

The Government also argues that because evidence of the conduct in Counts 5-8 would be admissible in the trial of Counts 1-4 and 9-12 regardless of the one-year time difference, such a time difference would not be a reason to find improper joinder. The Government cites to Rule 413 of the Federal Rules of Evidence: "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 413.

This rule, along with Rule 414 and Rule 415, supercedes Rule 404(b)'s restriction on propensity evidence. The new rules create a presumption favoring the admissible of propensity

6

evidence at both civil and criminal trials involving charges of sexual misconduct. United States v. Sioux, 362 F.3d 1241, 1244 (9th Cir. 2004).² The court noted that while Rule 413 creates a presumption in favor of admissibility, it is not a blank check. Id. The balancing test in Rule 403 still applies and the court must weigh the probative value of the evidence against the prejudicial nature of it. United States v. LaMay, 260 F.3d 1018, 1026 (9th Cir. 2001). While Rule 413 gives such propensity evidence the benefit of a presumption of admissibility, the Court still must carefully balance that evidence with the possible prejudice to the defendant. The judge must evaluate certain factors when determining whether to admit evidence of a defendant's prior acts of sexual misconduct. These factors are: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." LaMay, 260 F.3d at 1028 (quoting Doe by Glanzer v. Glanzer, 232 F.3d 1258, 1268 (9th Cir. 2000)) (internal quotations omitted).

When applying these factors under a Rule 403 balancing test, the time frame between the charged offense and the prior sexual conduct can be quite large. In LaMay, the court found that an eleven-year time lapse between sexual assaults was not too long under Fed. R. Evid. 414. Id. at 1029. Thus, it concluded that the lower court did not err when finding that the defendant's prior act of child molestation that occurred years earlier were not so prejudicial as to outweigh the probative value of that evidence.

This Court concludes that these Rule 413 cases are useful in considering whether the one-

---

² As the Government noted, the Ninth Circuit considers any decision interpreting Rule 413, 414, or 415 when interpreting any of the three rules. United States v. Sioux, 362 F.3d 1241, 1244 n.4 (9th Cir. 2004).

7

year time span is an important factor in this Court's current Rule 8 analysis. In light of the broad time span allowed for Rule 413 evidence, it seems that the one year period in this case is not such a significant time difference to suggest that joinder was improper under Rule 8.

Given the similar statutes, evidence, location, timing, and victims, the counts in this case are sufficiently similar to permit joinder under Rule 8.

**B. Severance under Rule 14**

Even though initial joinder is proper under Rule 8, multiple counts may be severed in the trial court's discretion under Rule 14 of the Criminal Rules of Federal Procedure. United States v. Johnson, 820 F.2d 1065, 1070 (1987); United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir. 1994). Rule 14 states that "[i]f the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

In the Ninth Circuit, "'joinder is the rule rather than the exception.'" United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988) (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)). The dominant concern of a court when determining whether or not to sever is judicial economy. A denial of a severance request will be upheld on appeal absent a showing that joinder was "so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." Id.

The burden is on the defendant to demonstrate clear, manifest, or undue prejudice because of joinder. See United States v. Adler, 879 F.2d 491, 497 (9th Cir. 1988); United States v. Polizzi, 801 F.2d 1543, 1554 (9th Cir. 1986). General and unsupported assertions of prejudice

8

are insufficient to warrant severance. See Williamson v. United States, 310 F.2d 192, 197 (9th Cir. 1962) (holding that a motion to sever counts under Rule 14 was properly denied when the defendant only made general and unsupported assertion of prejudice).

The requisite prejudice to warrant severance under Rule 14(a) is high. The prejudice must be of such a magnitude that the defendant's right to a fair trial would be violated without severance. Zafiro v. United States, 506 U.S. 534, 540 (1993) (quoting Bruton v. United States, 391 U.S. 123, 131 n.6 (1968)); United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1990). In other words, the defendant must show that one of his substantive rights will be violated by a joint trial. These substantive violations include lack of opportunity to present an individual defense, unavailability of cross-examination, lack of separate counsel among defendants with conflicting interests, failure to properly instruct the jury on the admissibility of evidence, or denial of Sixth Amendment confrontation rights. Escalante, 637 F.2d at 1201.

The right to a fair trial encompasses evidentiary matters. Zafiro, 506 U.S. at 540 (stating that one element of a fair trial is that a jury consider only relevant and competent evidence). Therefore, joinder of offenses may prejudice a defendant if "the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged" or if "the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find." Johnson, 820 F.2d at 1070 (9th Cir. 1987) (citing Drew v. United States, 331 F.2d 85, 88 (D.C. Cir. 1964)).

Mujahid's motion is based on these types of evidentiary problems. He argues that the "admission of evidence about John Doe 2's allegations at a trial involving allegations by John

9

Doe 1 and John Doe 3 would run afoul of Fed. R. Evid. 403. The prejudicial impact of John Doe 2's allegations would far outweigh any marginal probative value at a trial involving allegations by John Doe 1 and John Doe 3. The converse is also true." (Doc. 34 at 6).

Based on Mujahid's argument that there are evidentiary reasons to sever the counts, it is appropriate for this Court to look at the cross-admissibility of the evidence for each count if the trials were separate. If the evidence would be admissible regardless of severance, then joinder of the offenses does not create sufficient prejudice to warrant severance. See Johnson, 820 F.2d at 1070-71 (finding that the evidence for each count would be heard by the jury regardless of severance and therefore severance under Rule 14 would not cure any prejudice that existed). The converse is also true. The risk of undue predjudice is high when the "joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir. 1986).

The issue of whether the allegations related to John Doe 2 would be admissible during the trial of John Doe 1 and John Doe 3, and vice versa, involves Rule 413 and Rule 403 of the Federal Rules of Evidence, which were discussed in the preceding section. Rule 413 clearly allows evidence of prior sexual assaults to be introduced at a criminal trial involving allegations of sexual assaults. Thus, the presumption before this Court is that the evidence is highly probative and allowed. Of course, as discussed above, the Court has to do a balancing test under Rule 403 before it can ultimately decide whether the other allegations of sexual assault would be admissible even if the trials were separated. It is difficult to do so prior to the presentation of the Government's case and at this pre-trial stage. However, given the Ninth Circuit decision in United States v. LaMay, 260 F.3d 1018 (9th Cir. 2001), this Court cannot conclude that the

prejudicial nature of the evidence is so great that it outweighs the relevant and probative nature of it.

In LaMay, the defendant was charged with sexually assaulting two young boys, ages five and seven, while he was babysitting them. The prosecution sought to introduce evidence of prior sexual misconduct under Rule 414. That prior misconduct involved his conviction in Oregon eight years earlier for sexually assaulting two young girls, ages two years and eight months, while he was babysitting. Id. at 1022. The trial judge allowed the evidence to be admitted under Rule 414 and Rule 403. The appeals court found that admitting the prior acts was not an error. It balanced a variety of factors and concluded that the instances of abuse were similar, the time lapse was not too large, and the prior acts showed these assaults were not isolated occurrences. The court also found that the evidence of the prior acts was highly relevant in the context of how the trial unfolded and was used to bolster the credibility of witnesses. Id. at 1028-30.

Based on what the record suggests at this point, the other allegations of inmate assault in Counts 1-4 and 9-12 are similar to the acts in Counts 5-8. The time difference is much less than it was in LaMay. The multiple allegations of assault show a frequency of occurrence. The court in LaMay was examining the issue post-trial and this Court is dealing with a pre-trial motion. But it is clear based on LaMay, that this Court cannot conclude at the pre-trial stage that Rule 403 precludes the admission of the allegations of John Doe 2 in a trial related to the allegations of John Doe 1 and John Doe 3.

However, even if this Court were to conclude that joinder of Counts 5-8 allows the jury to hear otherwise inadmissible evidence, severance is not necessarily required. A jury instruction could be sufficient to alleviate the prejudice if the evidence of each alleged crime is simple and

distinct.  See Bean v. Calderon, 163 F.3d 1073, 1085 (9th Cir. 1998) (recognizing that even if evidence is not cross-admissible between counts, "prejudice generally does not arise from joinder when the evidence of each crime is simple and distinct").  As the Government notes in its response, "The evidence here is straightforward.  There are three men, who while jailed with the defendant, on three separate occasions, within a year of each other, were sexually assaulted by Mujahid in his cell when he forced them, threatened them, or placed them in fear." (Doc. 90 at 13).  Mujahid has not demonstrated otherwise.  He has not convinced this Court that the evidence in Counts 5-8 will be so complex that the jury will not be able to properly compartmentalize and weigh it, even with a proper jury instruction.

As noted, the burden is on Mujahid to demonstrate manifest prejudice.  While this Court acknowledges that it may be hard to do so prior to the presentation of evidence at trial, the defendant has not convinced the Court that cross-admissibility would be inappropriate or that the evidence is so complex and convoluted that jury instructions cannot prevent prejudice.  Therefore, this Court concludes that Mujahid has not met his burden of demonstrating that the prejudice is so great to warrant Rule 14 severance at this time.

### III. CONCLUSION

Based on the foregoing analysis, the Court respectfully recommends that Defendant Mujahid's Motion to Sever Counts for Improper and Prejudicial Joinder at Docket 33 be DENIED.

DATED this 19th day of January, 2011, at Anchorage, Alaska.

/s/ Deborah M. Smith
DEBORAH M. SMITH
United States Magistrate Judge

12

Case 3:10-cr-00091-HRH   Document 96   Filed 01/19/11   Page 12 of 13

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **CLOSE OF BUSINESS, <u>JANUARY 25, 2011</u>.** Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. <u>McCall v. Andrus</u>, 628 F.2d 1185, 1187-89 (9th Cir. 1980), <u>cert.</u> <u>denied</u>, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. <u>United States v. Howell</u>, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **CLOSE OF BUSINESS, <u>JANUARY 28, 2011</u>.** The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a). The shortened objection and response deadlines are necessary due to the looming trial date.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. <u>See</u> <u>Hilliard v. Kincheloe</u>, 796 F.2d 308 (9th Cir. 1986).