**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SABIL MUMIN MUJAHID,<br><br>Defendant. | 3:10-CR-00091-JWS-DMS<br><br>**FINAL REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS** |

## I. MOTION PRESENTED

Defendant Sabil Mujahid (Mujahid) is charged in a twelve-count indictment (Docket 2). The indictment charges him with four counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1), four counts of sexual abuse in violation of 18 U.S.C. § 2242(1), two counts of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1), and two different counts of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2). All three of these statutes—18 U.S.C. §§ 2241(a)(1), 2242(1), and 2244(a)—make it a crime to commit a specified type of sexual abuse in federal prison or "or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency." At the time of the alleged offense, Mujahid was a federal prisoner housed by the Alaska Department of Corrections at the Anchorage Correctional Center, pursuant to a contract between the Alaska Department of Corrections and the federal government. (Doc. 25 at 5). Mujahid argues that these statutes are unconstitutional on their face and as applied because Congress does not have the power to suppress violent crime that occurs in

state jails and that these three statutes contravene the Tenth Amendment. He therefore requests that this Court dismiss the indictment against him.

The Government opposes the motion. The Government argues that while Mujahid declares that he is challenging the statutes both facially and as applied, the supporting memorandum only puts forth a facial challenge and does not present an alternative argument explaining how the statute, if constitutional on its face, would nonetheless be unconstitutional as applied to Mujahid. The Government argues that based upon a recent Supreme Court case, United States v. Comstock, 130 S.Ct. 1949 (2010), the Necessary and Proper Clause provides Congress with the authority to enact statutes that address prison administration and safety, such as the three statutes at issue in the indictment.

## II. DISCUSSION

### A. *Comstock* – Necessary and Proper Clause

The Government asserts that the Supreme Court's recent decision in Comstock contains reasoning and analysis that precludes Mujahid's argument about the validity of 18 U.S.C. §§ 2241(a), 2242(1), and 2244(a). In Comstock, the Court examined the constitutionality of 18 U.S.C. § 4248, which authorizes the Department of Justice to use a civil commitment procedure to detain a mentally ill, sexually dangerous federal prisoner beyond the date the prisoner would otherwise be released. The specific constitutional issue in Comstock was whether Congress has the authority under Article I of the Constitution to enact such a civil commitment program or whether such an enactment falls beyond the reach of Congress's enumerated powers. The Court made clear that the opinion did not address whether a civil commitment under the statute would violate other provisions under the Constitution, such as Due Process. Comstock, 130 S.Ct. at

1956.

The Supreme Court held that 18 U.S.C. § 4248 was constitutional under the Necessary and Proper Clause, Art. I, § 8, cl. 18. The Court based its decision on five considerations: "(1) the breadth of the Necessary and Proper Clause, (2) the long history of federal involvement in this arena, (3) the sound reasons for the statute's enactment in light of the Government's custodial interest in safeguarding the public from dangers posed by those in federal custody, (4) the statute's accommodation of state interests, and (5) the statute's narrow scope." Comstock, 130 S.Ct. at 1965. While the holding of Comstock does not address the statutes at issue in this case, the Court's discussion of the Necessary and Proper Clause and its discussion of the federal Government's custodial interest in safeguarding the public from dangers posed by those in federal custody are relevant to this Court's analysis.

When determining whether the Necessary and Proper Clause provides Congress with the power to enact a statute, courts must "look to see whether the statute constitutes a means that is rationally related to the implementation of a constitutionally enumerated power." Comstock, 30 S.Ct. at 1956. In order to enforce its specific enumerated powers—such as the power to regulate interstate commerce, to establish post offices, to enforce civil rights, to regulate naturalization, to spend funds for the general welfare— Congress may enact criminal laws pursuant to the Necessary and Proper Clause. Id. at 1957. So while nowhere in the Constitution is there mention of Congress's powers to create federal crimes beyond a specific few, the Supreme Court has recognized that the Constitution grants Congress broad authority under the Necessary and Proper Clause to create such crimes. Id.

The Court in Comstock rejected the respondent's argument that in order for the statute to

be rationally related to the implementation of a constitutionally enumerated power and thus proper under the Necessary and Proper Clause, there cannot be more than a single step between an enumerated power and that statute. Id. at 1964. It reasoned that Congress, in order to enforce the federal criminal laws that are enacted in furtherance of its enumerated powers, has multiple levels of implied powers under the Necessary and Proper Clause. Congress can build prisons to house those sentenced under federal law and, in turn, "can enact laws that seek to ensure that system's safe and responsible administration," and "can also ensure the safety of the prisoners, prison workers and visitors, and those in the surrounding communities by, for example, creating further criminal laws governing entry, exit, and smuggling, and by employing prison guards to ensure discipline and security." Id. at 1958. In other words, even though not explicitly mentioned in the Constitution, Congress has the implied power to criminalize conduct pursuant to the Necessary and Proper Clause and from that implied power it has the additional power to imprison individuals who engage in that conduct and the power to enact laws governing prisons and prisoners. Id. at 1958, 1963-64.

The Court in Comstock also reasoned that 18 U.S.C. § 4248 is valid under the Necessary and Proper Clause because the federal Government has a responsibility to act as the custodian of federal prisoners. Again, while such power is not explicitly enumerated, the Court noted that this custodial power stems from Congress's power to enact criminal statutes that in turn implement constitutionally enumerated powers. Id. at 1961. As a custodian, Congress has the constitutional power to protect others from the danger federal prisoners may pose. Id. at 1961. The Court concluded that § 4248 is reasonably adapted to Congress's power to act as a custodian of its federal prisoners.

**B. *Comstock's* application to 18 U.S.C. §§ 2241, 2242, and 2244**

Comstock did not address the statutes challenged in this motion. Thus, the holding of Comstock is not directly applicable to the motion in this case. But the rationale used by the Supreme Court in upholding § 4248 under the Necessary and Proper Clause guides this Court's decision.

Based on the Court's rationale in Comstock, this Court must conclude that the criminal statutes in §§ 2241(a), 2242(1), and 2244(a)—all of which criminalize specific sexual conduct that occurs in federal prisons or prisons where federal prisoners are held pursuant to contract with a federal agency—are constitutionally enacted by Congress under the Necessary and Proper Clause. These statutes criminalize certain conduct that occurs in a place where federal prisoners are in custody. Federal prisoners are in custody because of convictions under federal criminal statutes, which Congress clearly has the power to enact in order to implement its enumerated powers. Because the federal government has custodial responsibilities in relation to these federal prisoners and in order to ensure the enforcement of the underlying federal criminal code, Congress has the further power to enact laws that govern prison administration and safety, such as laws that prohibit certain sexual conduct in places where federal prisoners are housed.

Mujahid contends that while Congress has the power to criminalize and punish conduct in order to effectuate an enumerated power, the statutes at issue—§§ 2241, 2242, and 2244—do not directly effectuate an enumerated power. As discussed above, the Court in Comstock clearly rejected the "respondents' argument that the Necessary and Proper Clause permits no more than a single step between an enumerated power and an Act of Congress." Comstock, 130 S.Ct. at 1964. It stated that, while removed from the enumerated powers by multiple steps, statutes that address

prison safety and prisoner behavior are also valid under the Necessary and Proper Clause because they are still rationally related to the implementation of an enumerated power. It reasoned that federal criminal statutes are valid under that clause because they implement Congress's enumerated powers, and it further reasoned that criminal statutes regulating prisoner conduct and safety are also valid under the Necessary and Proper Clause because they help ensure the enforcement of the federal criminal framework. Id. at 1958. After careful review of the Comstock decision, it is clear that federal criminal statutes criminalizing abusive sexual conduct that occurs in federal prisons or places where federal prisoners are housed should be upheld as proper under the Necessary and Proper Clause.

While the allegations in this case stem from when Mujahid was housed at the jail in federal custody, he further argues that these statutes could be applied to prosecute state workers and inmates and other non-federal people and therefore the statutes are facially unconstitutional. The fact that the statute could be applied to a state prisoner housed in a facility where there are federal prisoners (which is not the situation in this case) does not alter this Court's analysis because the statutes are still a part of the larger federal prison management and safety framework. The statutes apply so that any crime committed in a place where federal prisoners are housed can be deterred and punished, protecting not only those near the federal prisoners but also protecting the federal prisoners from illegal conduct by state prisoners or prison workers.

This Court agrees with the Government that Mujahid has not advanced an as-applied constitutional argument in this case. As stated above, Mujahid was at the Anchorage jail as a federal prisoner. He did not make the Court aware of any other particular facts that suggest these statutes are unconstitutional as applied to him.

## C. Tenth Amendment

Mujahid also contends that the three statutes at issue in this case violate the Tenth Amendment because the power to punish violent conduct in state-owned jail facilities has been reserved to the state. Under the Tenth Amendment, "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. Amend. X. But this Court has concluded, based on Comstock, that the statutes are valid under the Necessary and Proper Clause and thus are authorized by the Constitution. Because the Constitution authorizes the federal Government to enact laws related to federal prisoners, including laws that address violent conduct in facilities where federal prisoners are held in custody, such power is not within the exclusive province of the state. See Comstock, 130 S.Ct. at 1962.

## III. RESPONSE TO OBJECTIONS

This Court has reviewed the objections to the Initial Report and Recommendation filed by the defendant and the Government's response and finds the objections to be without merit. The defendant argues that the statutes under review in this case do not satisfy three of the five considerations articulated in United States v. Comstock, when the U.S. Supreme Court reviewed the statute allowing a federal district court to order the civil commitment of a sexually dangerous prisoner, beyond the date the prisoner would otherwise be released, and found the law to be constitutional under the Necessary and Proper Clause. The Supreme Court articulated five considerations when reaching its decision.

> We take these five considerations together. They include: (1) the breadth of the Necessary and Proper Clause, (2) the long history of federal involvement in this arena, (3) the sound reasons for the statute's enactment in light of the

> Government's custodial interest in safeguarding the public from dangers posed by those in federal custody, (4) the statute's accommodation of state interests, and (5) the statute's narrow scope.

Comstock at 1965.

The Government, in its response, argues that nothing in the Comstock case states that all five considerations must be present for a statute to be upheld as constitutional under this clause. While the Government's response is persuasive, it is not necessary to resolve the matter at this time because each of the five considerations are present when reviewing the statutes at issue.

In the majority opinion, the Comstock Court stated at 1958:

> . . . Congress, having established a prison system, can enact laws that seek to ensure that system's safe and responsible administration by, for example, requiring prisoners to receive medical care and educational training. . . . . And can also ensure the safety of the prisoners, prison workers and visitors, and those in surrounding communities by, for example, creating further criminal laws governing entry, exit, and smuggling, and by employing prison guards to ensure discipline and security. (Citations omitted.)

In the dissenting opinion, Justice Clarence Thomas agreed that laws which govern the behavior of federal prisoners while incarcerated for the violation of federal criminal laws that further enumerated powers of the Government were constitutional under the Necessary and Proper Clause, stating:

> The Necessary and Proper Clause does not provide Congress with authority to enact any law simply because it furthers other laws Congress has enacted in the exercise of its incidental authority; the Clause plainly requires a showing that every federal statute "carries into Execution" one or more of the Federal Government's enumerated powers. Federal laws that criminalize conduct that interferes with enumerated powers, establish prisons for those who engage in that conduct, and set rules for the care and treatment of prisoners awaiting trial or serving a criminal sentence satisfy this test because each helps to "carry into Execution" the enumerated powers that justify a criminal defendant's arrest or conviction. . . . .

Comstock at 1976.

Thus, criminal laws governing the behavior of federal prisoners while incarcerated, to insure discipline and security and the safety of prisoners and the surrounding communities, are properly within Congress' powers under the Necessary and Proper Clause; clearly there has been a long-standing federal interest in this arena, and there are sound reasons for enactment of the statutes in light of the Government's custodial interest in safeguarding the public (including other federal and state prisoners and prison workers) from dangers posed by those in federal custody.

When considering the fourth and fifth Comstock considerations, this Court concludes the statutes also accommodate state interests. As the Government pointed out, nothing in the three statutes outlawing sexual abuse by a federal prisoner incarcerated in a state facility prohibits the state from pursuing legal action against the federal prisoner. Further, the statutes are narrowly drawn and permit federal prosecution of a crime by a federal prisoner in a state prison or facility only when the federal prisoner is held "by direction of or pursuant to a contract or agreement with the head of any Federal department or agency. . . ." 18 U.S.C. § 2241; 18 U.S.C. §2242; and 18 U.S.C. §2244. In the absence of agreement by the state to house federal prisoners, the federal prosecution cannot go forward. Thus, all five considerations articulated in Comstock are present.

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing analysis, this Court respectfully recommends that the Motion to Dismiss the Indictment with Prejudice at Docket 24 be DENIED.

DATED this 27th day of January, 2011, at Anchorage, Alaska.

/s/ Deborah M. Smith
DEBORAH M. SMITH
United States Magistrate Judge