UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>    v.<br><br>SABIL MUMIN MUJAHID,<br><br>                   Defendant. | 3:10-CR-00091-HRH-DMS<br><br>REPORT AND RECOMMENDATION[1]<br>REGARDING DEFENDANT'S MOTION<br>TO SEVER COUNTS FOR IMPROPER<br>AND PREJUDICIAL JOINDER<br>[Doc. 238] |

## I. MOTION PRESENTED

Defendant Sabil Mujahid is charged in a twenty-count Second Superceding Indictment (Docket 218). Counts 1-4 are related to the alleged sexual assault of John Doe 1 on or about May 26, 2010 in the Anchorage Correctional Complex. Counts 5-8 are related to the alleged sexual assault of John Doe 2 on or about May 3 and May 6, 2009 in the Anchorage Correctional Complex. Counts 9-12 are related to the alleged sexual assault of John Doe 3 on or about April 15, 2010 in the Anchorage Correctional Complex. Count 13 alleges that Mujahid attempted to sexually assault John Doe 4 on or about March 6 and March 11, 2010 in the Anchorage Correctional Complex. That count has already been severed because of an attorney conflict of interest with John Doe 4. Count 14 alleges that Mujahid attempted to sexually assault John Doe 5 on or about April 28 and May 2, 2010 in the Anchorage Correctional Complex. Counts 15-20 are related to the alleged sexual assault of John Doe 6 on or about February 12, 2010 in the

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

Anchorage Correctional Complex.

Specifically, the Second Superceding Indictment charges Mujahid with six counts (Counts 1, 3, 5, 9, 17, 19) of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) for causing the victims to engage in a **sexual act by using force.** Alternatively, the indictment alleges six counts (2, 4, 6, 10, 18, 20) of sexual abuse in violation of 18 U.S.C. § 2242(1) for causing the victims to engage in a **sexual act by using threats.** The Second Superceding Indictment charges three counts (Counts 7, 11, 15) of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1), for causing the victims to engage in **sexual contact by using force** and, alternatively, it charges three counts (Counts 8, 12, 16) of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2), for causing the victims to engage in **sexual contact by using threats.** It also charges two counts (Counts 13, 14) of attempted sexual abuse in violation of § 2242(1) for attempting to cause two victims to engage in a sexual act by **placing them in fear**.

In this motion, Defendant Mujahid argues that Counts 15-20, involving John Doe 6, have been improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure with the remaining counts. He asserts that the counts involving John Doe 6 do not involve the same transaction, are not of the same or similar character, and are not parts of a common scheme or plan as required by Rule 8(a). He also argues that severance of Counts 15-20 is proper under Rule 14 of the Federal Rules of Criminal Procedure because the joinder of these counts with the remaining counts is prejudicial.

The Government opposes the motion. It argues that Counts 15-20 are properly joined under Rule 8(a) because they are of the same or similar character as the other counts. It asserts that these charges can be considered similar in character because 1) the statutory elements of the

counts are very similar and require almost the same proof; 2) all the alleged sexual assaults in the indictment occurred within a year; 3) there is a strong likelihood of evidentiary overlap for all the charges; 4) the physical location of the alleged assaults is the same; 5) the victims, while not the same, were all inmates at the Anchorage Correctional Complex; and 6) the modus operandi for all the charges in the Second Superceding Indictment are the same. The Government also argues that severance is not warranted under Rule 14(a) because Mujahid has not demonstrated how the joinder is prejudicial.

Mujahid brought a similar motion to sever when he was charged in the original indictment. The original indictment in this case charged Mujahid with Counts 1-12. Counts 13-20 have been subsequently added through superceding indictments. In his previous motion to sever, found at Docket 33, he asked the Court to sever Counts 5-8 from the remaining counts for essentially the same reasons. This Court recommended that the motion be denied and the District Court adopted the recommendation.

## II. DISCUSSION

### A. Joinder under Rule 8(a)

Rule 8(a) of the Federal Rules of Criminal Procedure provides for the joinder of separate offenses. It states as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – [1] are of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment."

3

United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990). Rule 8(a) is broadly construed in favor of initial joinder mainly because Rule 14 is available for any prejudice that may develop while the trial is in progress. See United States v. Jawara, 474 F.3d 565, 573 (9th Cir. 2007) (quoting United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971)).

In this case, the Government argues that the counts involving John Doe 6 are properly joined with the remaining counts because all counts are of the same or similar character. In the Ninth Circuit, the test for whether charges are of the same or similar character is more stringent than in other circuits. As explained in Jawara, the Ninth Circuit rejected the concept that charges fit under 8(a)'s "same or similar character" prong if they are categorically the same. In Jawara, the court concluded that just because the charges at issue in that case all dealt with immigration fraud, they were still not of the same or similar character for purposes of Rule 8(a).

Instead of the categorical approach, the Ninth Circuit looks at a variety of factors, including the following: 1) whether the elements of each statutory offense are similar; 2) whether the charges involve a similar victim; 3) the location of the alleged crimes; 4) the modes of operation for each charged crime; 5) the temporal proximity of the acts; and 6) the extent of evidentiary overlap. Jawara, 474 F.3d at 578. "The weight given to a particular factor will depend on the specific context of the case and the allegations in the Indictment. But the bottom line is that the similar character of the joined offenses should be ascertainable–either readily apparent or reasonably inferred–from the face of the Indictment." Id.

**Elements**

This Court concludes that the elements of each statute in Counts 15-20 are similar to the elements of each statute in Counts 1-14. First, the underlying statute in each of the counts

Mujahid wants severed—Counts 15, 16, 17, 18, 19 and 20—is also the underlying statute in at least one of the remaining counts. In addition to Counts 17 and 19, Counts 1, 3, 5, and 9 allege a violation of § 2241(a)(1). In addition to Counts 18 and 20, Counts 2, 4, 6, and 10 allege a violation of § 2242(1). Count 14 also alleges a violation of § 2242(1) but is an attempt charge. In addition to Count 15, Counts 7 and 11 allege a violation of § 2244(a)(1). And, in addition to Count 16, Counts 8 and 12 allege a violation of § 2244(a)(2).

Furthermore, all of the statutes involved require similar elements of proof based on the Ninth Circuit Jury instructions. See Ninth Circuit Model Jury Instructions (Criminal) §§ 8.164, 8.170, 8.171, 8.179 (2010). Each charge against Mujahid requires the Government to prove that the conduct occurred at the Anchorage Correctional Complex and that the complex houses prisoners pursuant to a contract with a federal agency. Each charge requires proof that Mujahid used force, or threats, or placed the victims in fear to cause them to engage in sexual conduct. Each charge requires proof of either a sexual act or sexual contact, except for the attempt charge which instead requires a substantial step towards committing the crime of sexual abuse. Each charge requires proof that Mujahid acted knowingly.

**Evidence**

Similarly, because the elements of all the counts are similar, the likelihood of evidentiary overlap is high. The same witnesses are likely needed to prove where the alleged assaults took place and whether this location is a place where prisoners are housed pursuant to a contract with a federal agency.

**Victims**

The charges involve different victims. However, the Second Superceding Indictment

5

implies that these victims were inmates or persons inside the Anchorage Correctional Complex. Thus, the Court finds that while the twenty counts involve different victims, those victims' status as prisoners makes them similar.

**Modes of Operation**

As noted above, this Court's review is limited to the face of the Second Superceding Indictment when determining whether the initial joinder of the counts was proper under Rule 8. Nothing in the indictment addresses specific details surrounding the allegations. Thus, this Court cannot determine whether Mujahid is alleged to have carried out the assaults and contacts in a similar manner, but it is clear from the indictment that he is alleged to have used force and fear with each victim.

**Location**

Based on the face of the Second Superceding Indictment, the location for each of the alleged crimes is the same—the Anchorage Correctional Complex. Mujahid argues that the alleged assaults of John Doe 6 charged in Counts 15-20 happened in a different module than the other alleged assaults. This information came from discovery because this difference in location within the jail complex is not noted in the Second Superceding Indictment. As stated above, this Court must look to the face of the indictment when making a Rule 8 determination. Based on the Second Superceding Indictment, the assaults took place in the same location. This Court cannot conclude that a difference in module location within the complex is significant to the severance analysis.

**Timing**

Counts 15-20 charge Mujahid with crimes involving John Doe 6 that are alleged to have

6

occurred on February 12, 2010. The remaining counts charge Mujahid with crimes that are alleged to have occurred between May of 2009 and May of 2010. Counts 15-20 therefore fall between those two dates. The incidents are alleged to have occurred about nine months after the May 2009 incidents alleged in Counts 5-8 and about three months before the May 2010 incidents alleged in Counts 1-4. In United States v. Tyndall, 263 F.3d 848 (8th Cir. 2001), the Eighth Circuit concluded that joinder of multiple attempted sexual assault offenses was proper even though the attempted sexual assaults occurred a year apart. Id. at 850. This Court concludes that the one-year time span between all of the alleged counts in this indictment is not such a significant time difference to suggest that joinder was improper under Rule 8.

Given the similar statutes, evidence, location, timing, and victims, the counts in this case are sufficiently similar to permit joinder under Rule 8.

**B. Severance under Rule 14**

Even though initial joinder is proper under Rule 8, multiple counts may be severed in the trial court's discretion under Rule 14 of the Criminal Rules of Federal Procedure. United States v. Johnson, 820 F.2d 1065, 1070 (1987); United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir. 1994). Rule 14 states that "[i]f the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

In the Ninth Circuit, "'joinder is the rule rather than the exception.'" United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988) (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)). The dominant concern of a court when determining whether or not to

7

sever is judicial economy. A denial of a severance request will be upheld on appeal absent a showing that joinder was "so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." Id.

The burden is on the defendant to demonstrate clear, manifest, or undue prejudice because of joinder. See United States v. Adler, 879 F.2d 491, 497 (9th Cir. 1988); United States v. Polizzi, 801 F.2d 1543, 1554 (9th Cir. 1986). General and unsupported assertions of prejudice are insufficient to warrant severance. See Williamson v. United States, 310 F.2d 192, 197 (9th Cir. 1962) (holding that a motion to sever counts under Rule 14 was properly denied when the defendant only made general and unsupported assertion of prejudice).

The requisite prejudice to warrant severance under Rule 14(a) is high. The prejudice must be of such a magnitude that the defendant's right to a fair trial would be violated without severance. Zafiro v. United States, 506 U.S. 534, 540 (1993) (quoting Bruton v. United States, 391 U.S. 123, 131 n.6 (1968)); United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1990). In other words, the defendant must show that one of his substantive rights will be violated by a joint trial. These substantive violations include lack of opportunity to present an individual defense, unavailability of cross-examination, lack of separate counsel among defendants with conflicting interests, failure to properly instruct the jury on the admissibility of evidence, or denial of Sixth Amendment confrontation rights. Escalante, 637 F.2d at 1201.

The right to a fair trial encompasses evidentiary matters. Zafiro, 506 U.S. at 540 (stating that one element of a fair trial is that a jury consider only relevant and competent evidence). Therefore, joinder of offenses may prejudice a defendant if "the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is

8

found his guilt of the other crime or crimes charged" or if "the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find." Johnson, 820 F.2d at 1070 (9th Cir. 1987) (citing Drew v. United States, 331 F.2d 85, 88 (D.C. Cir. 1964)).

Mujahid's motion is based on these types of evidentiary problems. He argues that the "[a]dmission of evidence about John Doe 6's allegations at trial involving allegations by the other John Does would run afoul of [Federal Rule of Evidence] 403. The prejudicial impact of John Doe 6's allegations would far outweigh any marginal probative value at trial involving allegations by John Doe 1, John Doe 2, John Doe 3, and John Doe 5. The converse is also true." (Doc. 239 at 6).

Based on Mujahid's argument that there are evidentiary reasons to sever the counts, it is appropriate for this Court to look at the cross-admissibility of the evidence for each count if the trials were separate. If the evidence would be admissible regardless of severance, then joinder of the offenses does not create sufficient prejudice to warrant severance. See Johnson, 820 F.2d at 1070-71 (finding that the evidence for each count would be heard by the jury regardless of severance and therefore severance under Rule 14 would not cure any prejudice that existed). The converse is also true. The risk of undue predjudice is high when the "joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir. 1986).

The issue of whether the allegations related to John Doe 6 would be admissible during the trial of John Doe 1, John Doe 2, John Doe 3, and John Doe 5 and vice versa, involves Rule 413 and Rule 403 of the Federal Rules of Evidence.

9

Rule 413 of the Federal Rules of Evidence states as follows:

> In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed. R. Evid. 413. This rule, along with Rule 414 and Rule 415, supercedes Rule 404(b)'s restriction on propensity evidence. The new rules create a presumption favoring the admissibility of propensity evidence at both civil and criminal trials involving charges of sexual misconduct. United States v. Sioux, 362 F.3d 1241, 1244 (9th Cir. 2004).[2]

While Rule 413 creates a presumption in favor of admissibility, it is not a blank check. Id. The balancing test in Rule 403 still applies and the court must weigh the probative value of the evidence against the prejudicial nature of it. United States v. LaMay, 260 F.3d 1018, 1026 (9th Cir. 2001). The judge must evaluate certain factors when determining whether to admit evidence of a defendant's prior acts of sexual misconduct. These factors are: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." LaMay, 260 F.3d at 1028 (quoting Doe by Glanzer v. Glanzer, 232 F.3d 1258, 1268 (9th Cir. 2000)) (internal quotations omitted).

Rule 413 clearly allows evidence of prior sexual assaults to be introduced at a criminal trial involving allegations of sexual assaults. Thus, the presumption before this Court is that the

---

[2] The Ninth Circuit considers any decision interpreting Rule 413, 414, or 415 when interpreting any of the three rules. United States v. Sioux, 362 F.3d 1241, 1244 n.4 (9th Cir. 2004).

10

evidence is highly probative and allowed. Of course, as discussed above, the Court has to do a balancing test under Rule 403 before it can ultimately decide whether the other allegations of sexual assault would be admissible even if the trials were separated. It is difficult to do so prior to the presentation of the Government's case and at this pre-trial stage. However, given the Ninth Circuit decision in United States v. LaMay, 260 F.3d 1018 (9th Cir. 2001), this Court cannot conclude that the prejudicial nature of the evidence is so great that it outweighs the relevant and probative nature of it.

In LaMay, the defendant was charged with sexually assaulting two young boys, ages five and seven, while he was babysitting them. The prosecution sought to introduce evidence of prior sexual misconduct under Rule 414. That prior misconduct involved his conviction in Oregon eight years earlier for sexually assaulting two young girls, ages two years and eight months, while he was babysitting. Id. at 1022. The trial judge allowed the evidence to be admitted under Rule 414 and Rule 403. The appeals court found that admitting the prior acts was not an error. It balanced a variety of factors and concluded that the instances of abuse were similar, the time lapse was not too large, and the prior acts showed these assaults were not isolated occurrences. The court also found that the evidence of the prior acts was highly relevant in the context of how the trial unfolded and was used to bolster the credibility of witnesses. Id. at 1028-30.

Based on what the record suggests at this point, the other allegations of inmate assault in Counts 1-14 are similar to the acts in Counts 15-20. The time difference is much less than it was in LaMay. The multiple allegations of assault show a frequency of occurrence. The court in LaMay was examining the issue post-trial and this Court is dealing with a pre-trial motion. But it is clear based on LaMay, that this Court cannot conclude at the pre-trial stage that Rule 403

11

precludes the admission of the allegations of John Doe 6 in a trial related to the allegations of the other alleged victims.

However, even if this Court were to conclude that joinder of Counts 15-20 allows the jury to hear otherwise inadmissible evidence, severance is not necessarily required. A jury instruction could be sufficient to alleviate the prejudice if the evidence of each alleged crime is simple and distinct. See Bean v. Calderon, 163 F.3d 1073, 1085 (9th Cir. 1998) (recognizing that even if evidence is not cross-admissible between counts, "prejudice generally does not arise from joinder when the evidence of each crime is simple and distinct"). Mujahid has not convinced this Court that the evidence in Counts 15-20 will be so complex that the jury will not be able to properly compartmentalize and weigh it, even with a proper jury instruction.

As noted, the burden is on Mujahid to demonstrate manifest prejudice. While this Court acknowledges that it may be hard to do so prior to the presentation of evidence at trial, the defendant has not convinced the Court that cross-admissibility would be inappropriate or that the evidence is so complex and convoluted that jury instructions cannot prevent prejudice. Therefore, this Court concludes that Mujahid has not met his burden of demonstrating that the prejudice is so great to warrant Rule 14 severance at this time.

### III. CONCLUSION

Based on the foregoing analysis, the Court respectfully recommends that Defendant Mujahid's Motion to Sever Counts for Improper and Prejudicial Joinder at Docket 238 be DENIED.

DATED this 25th day of May, 2011, at Anchorage, Alaska.

                                                  /s/ Deborah M. Smith
                                           UNITED STATES MAGISTRATE JUDGE