UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>SABIL MUMIN MUJAHID,<br><br>                  Defendant. | 3:10-CR-00091-HRH-DMS<br><br>**REPORT AND RECOMMENDATION**[1]<br>**REGARDING DEFENDANT'S MOTION**<br>**TO COMPEL ELECTION AMONG**<br>**MULTIPLICITOUS COUNTS**<br>**[Doc. 242]** |

## I. MOTION PRESENTED

Defendant Sabil Mujahid is charged in a twenty-count Second Superceding Indictment (Docket 218). Counts 1-4 are related to the alleged sexual assault of John Doe 1 on or about May 26, 2010 in the Anchorage Correctional Complex. Counts 5-8 are related to the alleged sexual assault of John Doe 2 on or about May 3 and May 6, 2009 in the Anchorage Correctional Complex. Counts 9-12 are related to the alleged sexual assault of John Doe 3 on or about April 15, 2010 in the Anchorage Correctional Complex. Count 13 alleges that Mujahid attempted to sexually assault John Doe 4 on or about March 6 and March 11, 2010 in the Anchorage Correctional Complex. That count has been severed because of an attorney conflict of interest with John Doe 4. Count 14 alleges that Mujahid attempted to sexually assault John Doe 5 on or about April 28 and May 2, 2010 in the Anchorage Correctional Complex. Counts 15-20 are related to the alleged sexual assault of John Doe 6 on or about February 12, 2010 in the

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

Anchorage Correctional Complex.

Specifically, the Second Superceding Indictment charges Mujahid with six counts (Counts 1, 3, 5, 9, 17, 19) of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) for causing the victims to engage in a **sexual act by using force.** The indictment also alleges six counts (2, 4, 6, 10, 18, 20) of sexual abuse in violation of 18 U.S.C. § 2242(1) for causing the victims to engage in a **sexual act by using threats.** The Second Superceding Indictment charges three counts (Counts 7, 11, 15) of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1), for causing the victims to engage in **sexual contact by using force** and, alternatively, it charges three counts (Counts 8, 12, 16) of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2), for causing the victims to engage in **sexual contact by using threats.** It also charges two counts (Counts 13, 14) of attempted sexual abuse in violation of § 2242(1) for attempting to cause two victims to engage in a sexual act by placing them in fear, but those two counts are not at issue in this motion.

There are nine allegations of sexual abuse or contact by force and each one of those counts is paired with a second count that alleges that the same incident of sexual abuse or contact occurred through fear. Count 1 is paired with Count 2; Count 3 is paired with Count 4; Count 5 is paired with Count 6; Count 7 is paired with Count 8; Count 9 is paired with Count 10; Count 11 is paired with Count 12; Count 15 is paired with Count 16; Count 17 is paired with Count 18; and Count 19 is paired with Count 20. Mujahid argues that these pairings demonstrate the indictment contains multiplicitous counts because a single offense has been charged in two counts. He argues that the Government has acknowledged the existence of multiplicity and argues that the Court should require the Government to choose between these alternate counts

2

before trial.

The Government opposes the motion. It asserts that the indictment does not contain multiplicitous counts because a charge under 18 U.S.C. § 2241(a)(1) does not contain the same elements as a charge under 18 U.S.C. § 2242(1) and, likewise, a charge under 18 U.S.C. § 2244(a)(1) does not contain the same elements as a charge under 18 U.S.C. § 2244(a)(2). In other words, the Government appears to argue that it could seek separate punishments for each count in which Mujahid is indicted. However, the Government represents that these pairings are, in fact, intended to be alternative charges and that it will not be seeking multiple punishments for each of the paired charges. (See Doc. 8; Doc. 29 at 3; Doc. 251 at 4). It intends to present both theories of the alleged crime to the jury in order for it to determine whether the sexual act or contact was obtained through force or fear.

## II. DISCUSSION

A multiplicitous indictment is an indictment that charges a single offense in more than one count of the indictment. United States v. Awad, 551 F.3d 930, 937 (9th Cir. 2009). The main danger with a multiplicitous indictment is that it can expose a defendant to receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. See United States v. Bolt, 776 F.2d 1463, 1467 (10th Cir. 1985). However, a transaction or act can be comprised of multiple offenses, in which case it would not violate double jeopardy to prosecute under all statutes. "[A] single act may violate several statutes without rendering those statutes identical." United States v. Starks, 472 F.3d 466, 469 (7th Cir. 2006).

If the same act constitutes a violation of two different statutes, the test under the Double

3

Jeopardy Clause to determine whether punishment for both offenses may be imposed is whether each provision requires proof of a fact which the other does not. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). See also Awad, 551 F.3d at 937 (stating that the test for multiplicity is whether each count requires proof of an additional fact which the other does not). If the evidence necessary to prove one of the offenses would not suffice for a conviction under the other offense, then it is not multiplicitous because it provides indication that Congress intended to punish different offenses arising from the same act.

The Government argues that charging an incident as sexual abuse by force under 18 U.S.C. § 2241(a)(1) and that same incident as sexual abuse by fear under 18 U.S.C. § 2242(1) is not multiplicitous because each statute has distinct elements—namely, one requires proof that force was used and the other that some type of threat was used. It argues that using force is not the same thing as placing someone in fear or making threats and cites to United States v. Boyles, 57 F.3d 535 (7th Cir. 1995). In that case, the Seventh Circuit looked at whether § 2242(1) was a lesser included offense of § 2241(a)(1).[2] It noted that it only considered the language of the statute and not the facts of the case. It then determined that fear and threats are different from force and therefore the sexual assault statutes is not a lesser included offense of the aggravated sexual assault statute. Id. at 544-45. Indeed, in United States v. Sneezer, 983 F.2d 920 (9th Cir.

---

[2] If two different statutes define the same offense, it is usually because one is considered a lesser included offense of the other. United States v. Rutledge, 517 U.S. 292, 297 (1996).

1992), the Ninth Circuit held that sexual abuse under § 2242(1) was not a lesser included offense of aggravated sexual abuse under § 2241(a) because the two statutes deal with distinct types of fear. Such cases support the Government's argument that the various counts require different elements.

However, this Court need not decide whether these various counts are, in fact, multiplicitous. The District Court has already indicated its concern about multiple punishments for the same incident (Doc. 227 at 3) and the Government has clarified and represented to the Court that it is not seeking separate punishment for each of the paired charges in the indictment. Rather, it seeks to present alternate theories to the jury. Therefore, it is clear that Mujahid will not be subjected to multiple punishments for the same offense in violation of the Double Jeopardy clause.

The issue is whether the Government must choose between alternate theories before trial or whether proper jury instructions will suffice. As Mujahid acknowledges, the Government is allowed to use the same conduct to charge multiple violations of separate statutes that have identical elements as long as only one punishment is permitted. Ball v. United States, 470 U.S. 856, 859, n.7 (1985). A court can opt to dismiss the multiplicitous counts or require the government to elect under which counts it will proceed to trial. United States v. Aguilar, 756 F.2d 1418, 1423 (9th Cir. 1985). A court can allow all counts to proceed to trial and can simply vacate the multiplicitous convictions prior to sentencing. United States v. Hector, 577 F.3d 1099, 1101-03 (9th Cir. 2009). Or, it can opt to put forth jury instructions that pair the alternative counts together as though they were alternative methods in a single count. United States v. Moore, 149 F.3d 773, 779 (8th Cir. 1998).

Mujahid requests that the Court use its discretion to require the Government to elect which theory of the alleged incidents it will proceed with at trial. He argues that otherwise the indictment as it stands will prejudice his right to a fair trial because the jury will infer more criminal activity than actually occurred. The Government argues that the indictment does not need to be read to the jury verbatim and that proper jury instructions along with carefully worded explanations of the charges can reduce the number of perceived counts against Mujahid while allowing the Government to present its alternate theories to the jury.

This Court concludes that an adequate solution to the issue of perceived counts against Mujahid can be crafted by the parties and the trial court using jury instructions and by not reading the indictment verbatim to the jury. An order requiring the Government to elect a theory before trial is not required. Indeed, the District Court has ordered that the parties meet and confer with the goal of assembling a set of jointly proposed jury instructions and submitting such instructions to the Court by June 3, 2011 along with any objections to those instructions. (Doc. 227). Those instructions, along with an agreement as to how the indictment will be read to the jury, can cure any possible prejudice resulting from the alternative charges.

### III. CONCLUSION

Based on the foregoing analysis, the Court respectfully recommends that Defendant Mujahid's Motion to Compel Election Among Multiplicitous Counts for Trial at Docket 242 be DENIED.

DATED this 25th day of May, 2011, at Anchorage, Alaska.

                                       /s/ Deborah M. Smith
                                     UNITED STATES MAGISTRATE JUDGE