# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SABIL MUMIN MUJAHID,<br><br>　　　　　　　　Defendant. | 3:10-CR-00091-HRH-DMS<br><br>**ORDER ON DEFENDANT'S SECOND MOTION FOR BILL OF PARTICULARS [Doc. 233]** |

## I. MOTION PRESENTED

Defendant Sabil Mujahid is charged in a twenty-count Second Superceding Indictment (Docket 218). Counts 1-4 are related to the alleged sexual assault of John Doe 1 on or about May 26, 2010 in the Anchorage Correctional Complex. Counts 5-8 are related to the alleged sexual assault of John Doe 2 on or about May 3 and May 6, 2009 in the Anchorage Correctional Complex. Counts 9-12 are related to the alleged sexual assault of John Doe 3 on or about April 15, 2010 in the Anchorage Correctional Complex. Count 13 alleges that Mujahid attempted to sexually assault John Doe 4 on or about March 6 and March 11, 2010 in the Anchorage Correctional Complex. That count has been severed because of an attorney conflict of interest with John Doe 4. Count 14 alleges that Mujahid attempted to sexually assault John Doe 5 on or about April 28 and May 2, 2010 in the Anchorage Correctional Complex. Counts 15-20 are related to the alleged sexual assault of John Doe 6 on or about February 12, 2010 in the Anchorage Correctional Complex.

1

Specifically, the Second Superceding Indictment charges Mujahid with six counts (Counts 1, 3, 5, 9, 17, 19) of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) for causing the victims to engage in a **sexual act by using force.** Alternatively, the indictment alleges six counts (2, 4, 6, 10, 18, 20) of sexual abuse in violation of 18 U.S.C. § 2242(1) for causing the victims to engage in a **sexual act by using threats.** The Second Superceding Indictment charges three counts (Counts 7, 11, 15) of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1), for causing the victims to engage in **sexual contact by using force** and, alternatively, it charges three counts (Counts 8, 12, 16) of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2), for causing the victims to engage in **sexual contact by using threats.** It also charges two counts (Counts 13, 14) of attempted sexual abuse in violation of § 2242(1) for attempting to cause two victims to engage in a sexual act by **placing them in fear**.

Mujahid asks this Court for an order directing the Government to file a bill of particulars as to Count 14 of the Second Superceding Indictment. He argues that a bill of particulars is necessary to apprize him of the specific event alleged in Count 14, which will minimize surprise at trial, aid him in trial preparation, and safeguard his right not to be placed in jeopardy for the same offense. He does not request dismissal of the count on the basis of an insufficient indictment, but rather he requests that the alleged deficiency be cured through a bill of particulars. The Government opposes the request, arguing that enough information has been included in the Count to allow Mujahid to adequately prepare for trial.

Mujahid filed a motion asking for oral argument on this issue. The Court granted the motion and set a hearing for May 20, 2011. The Government noted its objection to such a hearing before the start of the oral argument stating that Mujahid failed to comply with

procedural rules when asking for such a hearing. This Court heard arguments.

## II. COUNT 14 OF THE INDICTMENT

The relevant count of the Second Superceding Indictment states the following:

Count 14 – Attempted Sexual Abuse

> Between on or about April 28 and May 2, 2010, within the District of Alaska, the defendant, Sabil Mujahid, while incarcerated as a federal prisoner at the Anchorage Correctional Complex, a facility in which persons are held in custody pursuant to a contract with the United States Marshals Service, a federal agency, did intentionally attempt to cause John Doe 5 to engage in a sexual act, by placing John Doe 5 in fear. All of which is in violation of Title 18 U.S.C. § 2242(1).

## III. APPLICABLE STATUTES

The applicable statutes state the following:

18 U.S.C. § 2242(1)– Sexual Abuse

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly– (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping); . . . or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

18 U.S.C. § 2246(2)– Sexual Act Definition

> (2) the term "sexual act" means-- (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight; (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual

desire of any person.

### IV. DISCUSSION

Mujahid argues that Count 14 is vague and fails to give specifics regarding the exact circumstances surrounding the allegations. He requests that the count be remedied through a bill of particulars. The determination of whether to grant a motion for a bill of particulars is committed to the discretion of the trial court. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979).

A bill of particulars "is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978)).

As noted by the Government in its response memorandum, Mujahid has not argued that he has previously been charged with a violation of these statutes and that he therefore needs a bill of particulars to adequately raise a double jeopardy argument in relation to the current charges. Furthermore, the threat of double jeopardy in any future case has been substantially reduced by statutes and case law that give defendants recourse to the entire trial record should they ever have to plead double jeopardy in the future. See Russell v. United States, 369 U.S. 749, 764 (1962); United States v. Haldeman, 559 F.2d 31, 126 (D.C. Cir. 1976). Thus, double jeopardy issues are not present in this case and cannot provide a basis for granting a bill of particulars.

The remaining bases for granting a bill of particulars are to minimize danger of surprise at trial and to aid in trial preparation. To the extent the indictment itself or other information disclosed by the Government adequately advises a defendant of the charges, a bill of particulars

4

is not required.  Long, 706 F.2d at 1054 (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)).  In this case, according to both parties, the Government has disclosed the identity of John Doe 5 to Mujahid.  Thus, any questions about who was involved have been answered through discovery.  It is also uncontested that the Government has provided specific details about where in the Anchorage Correctional Complex the incident set forth in Count 14 is alleged to have occurred.  Thus, it has provided more specifics regarding where the incident exactly occurred.

Mujahid argues that he does not have enough information about what type of sexual abuse is alleged to have been attempted on or about April 28 and May 2, 2010.  As noted above, in Count 14 Mujahid is alleged to have attempted to cause John Doe 5 to engage in a sexual act by placing him in fear.  A "sexual act" is specifically defined in § 2246(2) as one of four types of conduct.  Mujahid argues that he needs to know which of the four types of conduct he is alleged to have attempted with John Doe 5 in order to be prepared for trial and in order to know whether there has been a fatal variance between the facts presented at the trial and the facts presented to the grand jury.

This Court cannot grant a bill of particulars as a means of providing the defendant with more evidence.  A defendant is not entitled to use a bill of particulars to know information about the evidence the government intends to produce, only the theory of the case.  Giese, 597 F.2d at 1181 (citing Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963)).  In other words, the defendant is entitled to "'know the offense with which he is charged, not to know the details of how it will be proved.'"  United States v. W.R. Grace, 401 F.Supp.2d 1103, 1107 (D. Mont. 2005) (citing United States v. Kendall, 665 F.2d 126, 135 (9th Cir. 1981)).  Mujahid stressed

during oral argument that he is not seeking additional evidence but simply wants more information about the Government's theory of the case.

This Court notes that, except for Counts 13 and 14, all counts in the Second Superceding Indictment that remain joined provide more information about the sexual act or sexual contact that is alleged to have occurred.[1] But those other charges allege a completed act and are not attempt charges. This Court concludes that with an attempted sexual abuse charge it is possible for the uncompleted sexual act to not fall squarely within one of the four delineated actions stated in § 2246(2). Of course, the Government will have to prove a substantial step toward the commission of the crime, which in this case involves a step toward some type of sexual act through the use of fear. "'To constitute a substantial step toward the commission of a crime, the defendant's conduct must (1) advance the criminal purpose charged, and (2) provide some verification of the existence of that purpose.'" United States v. Goetzke, 494 F.3d 1231, 1235 (9th Cir. 2007) (quoting Walters v. Maass, 45 F.3d 1355, 1358-59 (9th Cir. 1995)). To provide Mujahid with more details surrounding the allegations would be to provide Mujahid with the Government's evidence related to the substantial step involved. Mujahid has not cited to authority indicating he is entitled to such information through a bill of particulars.

Thus, taking the information in total, Mujahid knows that he is alleged to have committed a substantial step toward the commission of a sexual act with John Doe 5 (whose identity is know to the defense) by placing John Doe 5 in fear and that incident occurred on or about April 28 and May 2, 2010 at the Anchorage Correctional Complex (exactly where in the complex is

---

[1] Counts 13 also alleges an attempt and not a completed act. Mujahid notes that he believes the same defect exists in Count 13 but that count has been severed and he has separate counsel representing him as to that count.

also known by the defense).  Based on the definition of "sexual act" in § 2246(2), Mujahid knows generally what the Government believes he attempted to do— one of the four acts listed in that definition.  This Court concludes Mujahid has enough detail to evaluate the charges and prepare for trial.  The Government represents that Mujahid will receive John Doe 5's statements to the grand jury prior to trial.  At that time, Mujahid will be able to determine whether there has been variance in his testimony and whether some motion related to that issue is warranted.  There is no other legitimate basis for granting Mujahid a bill of particulars.

## V. CONCLUSION

Based on the foregoing analysis, the Court HEREBY DENIES Mujahid's Second Motion for Bill of Particulars at Docket 233.

DATED this 25th day of May, 2011, at Anchorage, Alaska.

/s/ Deborah M. Smith<br>UNITED STATES MAGISTRATE JUDGE