# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SABIL MUJAHID,                                    Case No. 3:10-cr-00091-SLG

Defendant.

## ORDER ON PENDING MOTIONS

Before the Court at Docket 498 is Defendant Sabil Mujahid's pro se Motion for Compassionate Release.  Counsel filed an amended motion at Docket 516. The Government filed a response in opposition at Docket 517.  The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 510 in which it recommended denying Mr. Mujahid's motion.  Mr. Mujahid also filed a pro se Motion to Expand the Record at Docket 521.

On September 15, 2011, this Court sentenced Mr. Mujahid to 480 months' imprisonment after a jury found him guilty of multiple counts of aggravated sexual abuse and abusive sexual contact, in violation of 18 U.S.C. §§ 2241(a)(1), 2244(a)(1), (2).[1]  Mr. Mujahid's sentence was ordered to run consecutive to the sentence imposed in District of Alaska Case No. 3:09-cr-00034-TMB.[2]  In that

---

[1] Docket 350 at 1-2.

[2] Docket 350 at 2.

case, the Court sentenced Mr. Mujahid to 120 months' imprisonment on March 18, 2010.[3]  Mr. Mujahid completed his sentence in that case on September 11, 2017.[4]

Mr. Mujahid is currently in Bureau of Prisons ("BOP") custody at United States Penitentiary Florence ADMAX, an administrative security facility, with a projected release date of October 13, 2051.[5]  He asks the Court to reduce his sentence to time served and to release him from custody to a residential reentry center.[6]

## I.        Applicable Law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction.[7]  Before seeking compassionate release in district court, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[8]

---

[3] Docket 108 at 1-2 (Case No. 3:09-cr-00034-TMB).

[4] Docket 276 (Case No. 3:09-cr-00034-TMB).

[5] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Oct. 7, 2025).

[6] Docket 498 at 35; Docket 516 at 2.

[7] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[8] 18 U.S.C. § 3582(c)(1)(A).

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 2 of 12

Case 3:10-cr-00091-SLG      Document 522      Filed 10/23/25      Page 2 of 12

If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons"—as set forth in the applicable policy statements issued by the Sentencing Commission—and the applicable 18 U.S.C. § 3553(a) factors warrant a sentence reduction.[9]

"Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement and the requirement that 'rehabilitation alone' is not extraordinary and compelling."[10] The policy statement at U.S. Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," applies to all compassionate release motions.[11] Pursuant to § 1B1.13, an extraordinary and compelling reason for compassionate release may be the medical circumstances of the defendant. Specifically, an extraordinary and compelling reason includes when the "defendant is suffering from a serious physical or medical condition," or is "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and

---

[9] 18 U.S.C. § 3582(c).

[10] *United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023) (alteration omitted) (quoting *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

[11] *See* U.S. Sent'g Guidelines Manual § 1B1.13(a) (U.S. Sent'g Comm'n 2024) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . .").

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 3 of 12
Case 3:10-cr-00091-SLG    Document 522    Filed 10/23/25    Page 3 of 12

from which he or she is not expected to recover."[12]   A defendant's medical circumstances also constitute an extraordinary and compelling reason when the "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."[13]

Another extraordinary and compelling reason for compassionate release is if the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of aging, and has served at least 10 years or 75% of his term of imprisonment, whichever is less.[14]   The policy statement also includes a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[15]

Further, pursuant to both 28 U.S.C. § 994(t) and § 1B1.13, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . . However, rehabilitation of the defendant . . . may be considered in combination

---

[12] *Id.* § 1B1.13(b)(1)(B).

[13] *Id.* § 1B1.13(b)(1)(C).

[14] *Id.* § 1B1.13(b)(2).

[15] *Id.* § 1B1.13(b)(5).

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 4 of 12

Case 3:10-cr-00091-SLG     Document 522     Filed 10/23/25     Page 4 of 12

with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[16]

## II.   Discussion

As an initial matter, the Court finds that Mr. Mujahid has exhausted his administrative remedies.  He submitted a request for compassionate release to the warden of his facility on October 30, 2024, which the warden denied on November 19, 2024.[17]

Turning to the merits, Mr. Mujahid contends that he is eligible for a sentence reduction because his eye conditions "require[] long-term specialized medical care that is not being provided and without it, [he] is at risk of serious deterioration in health—that will be blindness."[18]  He also maintains that his eye conditions constitute a physical condition that substantially diminishes his ability to provide self-care in an institutional setting.[19]  Further, Mr. Mujahid highlights his rehabilitative efforts, the lack of a disciplinary record while in federal custody, and his placement in the "Honor Unit" at Florence ADMAX, where "the most well-behaved inmates" are housed.[20]  In his motion to expand the record, which the

---

[16] *Id.* § 1B1.13(d).

[17] Docket 498-1 at 1-3; Docket 517 (Government agreeing that Mr. Mujahid has exhausted his remedies).

[18] Docket 498 at 11-12, 22 (citing Guidelines § 1B1.13(b)(1)(C)); Docket 516 at 9-11.

[19] Docket 498 at 21, 23-24; Docket 516 at 7-9 (citing Guidelines § 1B1.13(b)(1)(B)).

[20] Docket 498 at 26-27.

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 5 of 12

Case 3:10-cr-00091-SLG    Document 522    Filed 10/23/25    Page 5 of 12

Court grants, Mr. Mujahid contends that he has suffered a retinal detachment in his left eye and has been waiting for months for the required surgery.[21]

### a. Medical Circumstances

Mr. Mujahid is 68 years old and suffers from several eye conditions, including glaucoma, chronic uveitis, macular degeneration, macular edema, and retinal detachment.[22]  Mr. Mujahid raised his vision issues with the BOP in March 2021.[23]  He was seen by BOP Medical Doctor S. Clough, who requested an outside consultation for Mr. Mujahid for cataract surgery and an assessment of his retina.[24] Two months later, Dr. Clough saw Mr. Mujahid again and noted that Mr. Mujahid had a current consult for cataract surgery but that Mr. Mujahid had not seen an outside doctor yet.[25]

In August 2021, Mr. Mujahid was examined by Dr. Paul Rastrelli at Rocky Mountain Eye Center who recommended cataract surgery.[26]  Mr. Mujahid received cataract surgery for his left eye in February 2022.[27]  A week after his surgery, Mr. Mujahid had a post-operative appointment at Rocky Mountain Eye Center where

---

[21] *See* Docket 521; Docket 521-2 (chart note from Rocky Mountain Uveitis noting "complete tractional RD through central macula" in May 2025 and "[d]iscussed returning" for "RD repair").

[22] Docket 516 at 2 (citing Docket 516-1); Docket 510 (sealed) at 3.

[23] Docket 498-3 at 2-3.

[24] Docket 498-3 at 3.

[25] Docket 498-3 at 4.

[26] Docket 498-3 at 6, 10, 12.

[27] Docket 498-3 at 21.

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 6 of 12

Case 3:10-cr-00091-SLG     Document 522     Filed 10/23/25     Page 6 of 12

he reported pain and swelling.[28]  He was given some additional medication and was instructed to continue using his post-operative eye drops.[29]

Mr. Mujahid returned to the Rocky Mountain Eye Center in March 2022 where he reported that he still had some blurry vision and that he had an eye infection after surgery and that another doctor had to "clean his retina out with a laser."[30]  Dr. Rastrelli prescribed another medication and instructed Mr. Mujahid to continue his other medications and eye drops.[31]  At a follow-up appointment in April 2022, Mr. Mujahid reported continued foggy vision and denied any eye pain.[32] He was prescribed a different eye medication and was scheduled for a follow-up with Dr. Clough in a week.[33]  At a June 2022 appointment with Dr. Clough, Mr. Mujahid indicated that he no longer used the prescribed drops and the record of the appointment noted that Mr. Mujahid's age-related cataract in his left eye was resolved but that he needed another consultation with Dr. Rastrelli for cataract

---

[28] Docket 498-3 at 23.

[29] Docket 498-3 at 26-28.

[30] Docket 498-3 at 34.

[31] Docket 498-3 at 37.

[32] Docket 498-3 at 38.

[33] Docket 498-3 at 43.

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 7 of 12

surgery on his right eye.[34]  He received cataract surgery on his right eye in February 2023.[35]

In August 2023, Mr. Mujahid reported decreased vision and blurriness in his left eye.[36]  In October 2024, Mr. Mujahid was evaluated at Skyline Vision and diagnosed with severe macular edema and chronic uveitis in his left eye.[37]  In January 2025, Mr. Mujahid was evaluated at Retina Consultants of Southern Colorado and the diagnosis of uveitis of the left eye was confirmed; he was also diagnosed with uveitis of the right eye, though it was less severe in that eye.[38]  Mr. Mujahid was also diagnosed with macular edema and epirentinal membrane of both eyes, the latter of which "will likely require surgery once the uveitis is controlled."[39]  The retina doctor recommended that he see another specialist, Dr. Mark Dacey, for the uveitis within the next month.[40]

Mr. Mujahid saw Dr. Dacey at Rocky Mountain Uveitis in March of 2025.[41] Dr. Dacey confirmed that Mr. Mujahid had intermediate uveitis in both eyes,

---

[34] Docket 498-3 at 45-46.

[35] Docket 518-1 at 109.

[36] Docket 518-2 at 23 (reporting decreased vision in left eye to Dr. Clough on August 9, 2023); Docket 518-3 at 167 (Skyline Vision October 11, 2024 note stating that blurry vision at distance began after left eye cataract surgery).

[37] Docket 498-3 at 63.

[38] Docket 518-3 at 153.

[39] Docket 516-3 at 153.

[40] Docket 516-3 at 153.

[41] Docket 518-3 at 140.

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 8 of 12
Case 3:10-cr-00091-SLG    Document 522    Filed 10/23/25    Page 8 of 12

observed that Mr. Mujahid's case was complex, and noted that a steroid injection "may" be needed to treat "CME" in Mr. Mujahid's right eye.[42] Dr. Dacey also noted that he would recommend surgery on Mr. Mujahid's left eye, "mindful that this is quite high risk for complication." But he did not recommend immediate surgery at that time; rather, he noted that "[i]f inflammation looks better at next appt, will discuss surgical options."[43] Dr. Dacey also diagnosed Mr. Mujahid with "traction detachment of retina" of his left eye.[44] Dr. Dacey examined Mr. Mujahid again in May 2025.[45] Most of Mr. Mujahid's conditions had not changed, but he now had a complete detachment of the retina and still had inflammation of his left eye.[46] Dr. Dacey again would recommend surgery on Mr. Mujahid's left eye in due course; he stated again, "[i]f inflammation looks better at next appt, will discuss surgical options" for Mr. Mujahid's left eye.[47] Dr. Dacey noted a "[v]ery guarded/limited visual prognosis for [the left eye]."[48]

---

[42] Docket 516-1 at 9-10.

[43] Docket 516-1 at 9-10.

[44] Docket 516-1 at 10.

[45] Docket 516-1 at 11-12.

[46] Docket 516-1 at 11.

[47] Docket 516-1 at 11.

[48] Docket 516-1 at 11.

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 9 of 12

Case 3:10-cr-00091-SLG     Document 522     Filed 10/23/25     Page 9 of 12

Dr. Dacey again examined Mr. Mujahid in June 2025.[49]  Again, his eye conditions were largely unchanged and "stable from previous."[50]  And again Dr. Dacey noted that he would recommend surgery of the left eye "[i]f inflammation looks better at next appt."[51]

In August 2025, Mr. Mujahid was seen by Dr. Clough.[52]  Mr. Mujahid reported continued decreased vision in his left eye due and localized eye pain.[53]  The visitation note indicates that Mr. Mujahid had a "consultation request for Ophthalmology for further evaluation of [retinal detachment] in [left eye] along with intraocular injection request.  Will need to keep this consultation appointment due to the severity of [retinal detachment] and vision loss [in left eye]."[54]

In his motion to supplement, Mr. Mujahid states that, on September 5, 2025, Dr. Dacey again examined him and "re-affirm[ed] that Defendant need[ed] the surgery and injection in his eye."[55]  Mr. Mujahid did not file the visit note by Dr. Dacey; therefore, it is unknown whether the inflammation of Mr. Mujahid's left eye was sufficiently reduced to make surgery a viable option.

---

[49] Docket 521-2 at 1.

[50] Docket 521-2 at 2.

[51] Docket 521-2 at 2.

[52] Docket 521-4 at 1.

[53] Docket 521-4 at 1.

[54] Docket 521-4 at 2.

[55] Docket 521 at 3.

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 10 of 12
Case 3:10-cr-00091-SLG   Document 522   Filed 10/23/25   Page 10 of 12

The Government acknowledges that Mr. "Mujahid's condition is serious," but maintains that he is receiving adequate care in federal custody.[56]

The Court finds that with his persistent and severe eye conditions, Mr. Mujahid is "experiencing deteriorating physical or mental health because of the aging process." However, Mr. Mujahid has not shown that his eye conditions "substantially diminish[]" his "ability of the defendant to provide self-care within the environment of a correctional facility."[57] He is listed as a Care Level 1 inmate and is housed in the non-medical, general population unit.[58] Further, the Court finds that Mr. Mujahid "is suffering from a medical condition that requires long-term or specialized medical care" but that BOP is providing such care.[59] Mr. Mujahid's medical records show that he has seen both BOP medical staff and eye specialists outside the facility numerous times to evaluate and treat his various medical conditions. Further, the medical records indicate that immediate surgery on Mr. Mujahid's left eye has not been advised due to the chronic inflammation in that eye.

Mr. Mujahid has also not shown that he satisfies § 1B1.13(b)(2). While he is at least 65 years old and is experiencing a serious deterioration in his physical

---

[56] Docket 517 at 5.

[57] Guidelines Manual § 1B1.13(b)(1)(B).

[58] Docket 510 at 3.

[59] Guidelines Manual § 1B1.13(b)(1)(C).

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 11 of 12

Case 3:10-cr-00091-SLG    Document 522    Filed 10/23/25    Page 11 of 12

health because of aging, he has not yet served at least 10 years of his term of imprisonment in this particular case.[60]

In sum, Mr. Mujahid has not presented an extraordinary and compelling reason for a sentence reduction. Because Mr. Mujahid has not demonstrated an extraordinary and compelling reason, the Court does not consider the 18 U.S.C. § 3553(a) factors.[61]

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Mr. Mujahid's Motion to Expand the Record at Docket 521 and **DENIES** Mr. Mujahid's Motions for Compassionate Release at Docket 498 and Docket 516.

DATED this 23rd day of October, 2025, at Anchorage, Alaska.

/s/  *Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[60] *Id.* § 1B1.13(b)(2).

[61] *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

Case No. 3:10-cr-00091-SLG, *United States v. Mujahid*
Order on Motions for Compassionate Release
Page 12 of 12
Case 3:10-cr-00091-SLG    Document 522    Filed 10/23/25    Page 12 of 12